JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8346 GAF (PJWx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | Olympic Investments Inc v. Carolyn Seeley et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**     **(In Chambers)**

**ORDER REMANDING CASE**

**A. INTRODUCTION**

Plaintiff Olympic Investments, Inc. ("Plaintiff"), commenced this unlawful detainer action in Los Angeles County Superior Court on September 23, 2010. (Not. of Removal, Att. [Compl.].) Defendant Carolyn Seeley ("Defendant") subsequently removed this action on November 3, 2010, purportedly on the basis of federal question jurisdiction. (Not. at 1.)

**B. STANDARD FOR REMOVAL UNDER 28 U.S.C. § 1441**

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Removal is proper only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint.*" Id. (emphasis added).

JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8346 GAF (PJWx) | Date | November 8, 2010 |
|---|---|---|---|
| Title | Olympic Investments Inc v. Carolyn Seeley et al | | |

### C. DEFENDANT HAS NOT ESTABLISHED THAT PLAINTIFF'S CLAIM ARISES UNDER FEDERAL LAW

Plaintiff seeks to evict Defendant from a property that it alleges it purchased at a foreclosure sale. (Compl. ¶¶ 5–8.) In her Notice of Removal, Defendant contends that "the Unlawful Detainer process is a direct violation of [her] Constitutional Rights" and various federal criminal laws. (Not. ¶¶ 7, 8.) Defendant also suggests that claims under the Truth in Lending Act ("TILA"), Regulation Z, and the Federal Trade Commission Act appear in this case. (Not. ¶ 20.)

Defendant's allegations cannot establish federal question jurisdiction. See Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (holding that a defendant's counter-claim presenting a federal question does not make a case removable). Plaintiff's complaint for unlawful detainer under California law states no federal causes of action. Because there is no federal question presented on the face of Plaintiff's complaint, the Court lacks federal question jurisdiction over this case.

### D. CONCLUSION

For the reasons set forth above, the Court concludes that it lacks subject matter jurisdiction over this case. This case is therefore **REMANDED** to state court.

**IT IS SO ORDERED.**